IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANN LAMONT BAILEY, BE-5699,       )
     Petitioner,                              )
                                                  )
           v.                             )  2:14-cv-1626
                                                  )
J. ECHARD,                                       )
     Respondent.                          )

MEMORANDUM and ORDER

Mitchell, M.J.:

     Vann Lamont Bailey has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

     In the instant petition, Bailey seeks to challenge his conviction by a jury of homicide at No. CP-02-CR-3736-1989. On February 26, 1990, a ten to twenty year sentence was imposed.[1] An appeal was taken to the Superior Court and the judgment of sentence was affirmed on May 24, 1991.[2]

     Bailey then commenced filing post-conviction petitions in the Court of Common Pleas. On January 7, 1994 post conviction relief was denied. The denial was affirmed on March 14, 1995 and leave to appeal was denied by the Pennsylvania Supreme Court on October 3, 1995.[3] Subsequent post-conviction petitions were dismissed as time-barred on October 27, 2004, September 21, 2007, October 14, 2010, August 23, 2011, January 17, 2014 and June 16, 2014.[4]

     Bailey now comes before this Court and contends "Petitioner was never properly charged for the criminal homicide" on the grounds that "the coroners of Pennsylvania were stripped of their power to act as committing magistrates by the Pennsylvania Constitution of 1968."[5]

     It is provided in 28 U.S.C. §§ 2244(d)(1) and (d)(2) that:

---

[1] Bailey was also convicted of burglary, rape, indecent sexual assault, and aggravated assault CP-02-CR-3434-1989) which was the subject of a habeas petition filed at 2:09-cv-199, and burglary (CP-02-CR-4403-1989). See: Petition at ¶¶ 1-6.
[2] See: Court of Common Pleas of Allegheny County docket sheet at CP-02-CR-3736-1989.
[3] See: Superior Court docket no. 181 PGH 1994.
[4] See: Exhibits attached to this Memorandum
[5] See: Petitioner's memorandum at p.2.

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on May 24, 1991 and leave to appeal to the Pennsylvania Supreme Court was not sought. As a result the conviction became final on June 23, 1991 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). [6] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner then filed several post-conviction petitions which were dismisses as untimely and for this reason they were not "properly filed" petitions. Thus, far in excess of the one year period in which to seek relief here has expired, and for that reason the instant petition is time barred. However, under limited circumstances this time bar may be equitably tolled and for this reason the petitioner will be granted time in which to demonstrate a basis for equitable tolling, if any. United States v. Bendolph, 409 F.3d 155, 168 (3d Cir.2005)(en banc).

An appropriate Order will be entered.

---

[6] Pa.R.App.P. 903.

ORDER

AND NOW, this 11th of December, 2014, for the reasons set forth in the foregoing
Memorandum,

IT IS ORDERED that on or before December 31, 2014, petitioner show cause if any, why
the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell
United States Magistrate Judge

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                                )
                                )
                v.              ) CC 8903343
                                )
                                )
        VANN L. BAILEY          )

### ORDER OF COURT DISMISSING PCRA PETITION
### AND TRIAL COURT'S STATEMENT UNDER PA. R.A.P. 1925 (a)

And Now, this **27th** day of **October**_____, 2004, defendant's

P.C.R.A. Petition, as amended by counsel, is dismissed without a hearing because

1) The dismissal of defendant's first PCRA petition was affirmed

by the Superior Court at No. 181 Pittsburgh 1994; and

2) The petition is time-barred.

Counsel will not be appointed because defendant has not made a strong prima facie

showing of a miscarriage of justice. Defendant's motion to proceed in forma pauperis is

granted.

BY THE COURT

O'Brien
_____
                    J.

IMPORTANT NOTICE

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY
PENNSYLVANIA

CRIMINAL DIVISION

SEP 2 7 2007

DISTRICT ATTORNEY'S OFFICE
APPEALS/POST CONVICTIONS

COMMONWEALTH OF PENNSYLVANIA )
                                )
                                )
v.                              ) CC 8903434
                                )
                                )
VANN L. BAILEY                  )

## ORDER OF COURT DISMISSING THIRD PCRA PETITION
## AND TRIAL COURT'S STATEMENT UNDER PA. R.A.P. 1925 (a)

And Now, this **2ıst** day of **September** 2007, defendant's third

P.C.R.A. petition, filed March 23, 2007, is dismissed without a hearing because it is

time-barred. Counsel has not been appointed because defendant has not made a strong

prima facie showing of a miscarriage of justice.

BY THE COURT

_____
                                      J.

### IMPORTANT NOTICE

If you want to appeal this order denying your Post Conviction Relief Act

Petition, you must do so in writing withing thirty days from the above date. You should

contact your attorney immediately, if you have retained one.

cc: District Attorney's Office, Post Trial Unit
    Vann L. Bailey (by certified mail)

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA



OCT 1 8 2010

DISTRICT ATTORNEY'S OFFICE
APPEALS/POST CONVICTIONS

vs.                                    CC 8903736

VANN L. BAILEY

## ORDER OF COURT DISMISSING PCRA PETITION
## AND TRIAL COURT'S STATEMENT UNDER Pa. R.A.P. 1925(a).

AND NOW, this _14th_ day of _October_, 2010, it is hereby

ordered that defendant's filing of September 14, 2010, which is being treated as his latest

PCRA petition, is dismissed without a hearing because it is time-barred. Defendant's

objection to the Court's notice of intention to dismiss is overruled.

BY THE COURT

_____ J.

## IMPORTANT NOTICE

If you want to appeal this order denying your Post Conviction Relief Act Petition, you must

do so in writing within thirty days from the above date. You should contact your lawyer

immediately, if you have retained one.

cc: District Attorney's Office, Post Trial Unit
Vann L. Bailey (by certified mail)

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA



v.                                CC 8903736

VANN L. BAILEY

## ORDER OF COURT DISMISSING PCRA PETITION
## AND TRIAL COURT'S STATEMENT UNDER PA. R.A.P. 1925 (a)

And Now, this **23rd** day of **August**, 2011, defendant's *pro*

*se* PCRA petition filed August 10, 2010, as amended by his counselled petition

filed June 27, 2011, is hereby dismissed without a hearing because it is time-

barred.

BY THE COURT

_O'Brian_                J.

IMPORTANT NOTICE

If you want to appeal this order denying your Post Conviction Relief Act

Petition, you must do so in writing withing thirty days from the above date. You

should contact your lawyer immediately.

cc: Ron Wabby, Esq.
    Carl Marcus, Esq.
    Vann L. Bailey (by certified mail)

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                          CC 89-03736

VANN L. BAILEY

Defendant

## Notice of Intention to Dismiss Defendant's
## PCRA Petition Under P.R. Crim. P. 907

On February 26, 1990, defendant was sentenced to an aggregate period of imprisonment of not less than 45 nor more than 90 years at the above numbers. This irrefutable fact was recognized by the Superior Court in its Judgment Order dated May 27, 2011, at No. 1782 WDA 2010. (Also see pages 32-33 of the sentencing transcript dated February 26, 1990). Defendant's *pro se* filing of December 16, 2013, entitled "Motion to Modify Sentence Correction of Illegal Sentence," appears to seek a declaration that he was sentenced only to a period of imprisonment of not less than 25 nor more than 50 years. The December 16, 2013, filing will be treated as a successive PCRA petition. Notice is hereby given that it will be dismissed without a hearing as time-barred or, alternatively, as patently meritless.

BY THE COURT

O'Brien
_____ A.J.

cc:  District Attorney's Office, Post Trial Unit
     Vann L. Bailey

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                          CC 89-03736

VANN L. BAILEY

## ORDER OF COURT DISMISSING PCRA PETITON
## AND TRIAL COURT'S STATEMENT UNDER PA. R.A.P. 1925 (a)

AND NOW, this **17th** day of~~December, 2018~~ **January, 2014,** it is hereby ordered

that defendant's *pro se* filing of December 16, 2013, entitled "Motion to Modify

Sentence Correction of Illegal Sentence," as amended by his filing of January 3,

2014, which is being treated as a successive PCRA petition, is dismissed without

a hearing for the reasons stated in my Notice entered on the docket on

December 27, 2013.

BY THE COURT

O'Brien
_____ J.

## IMPORTANT NOTICE

If you want to appeal this order denying your Post Conviction Relief Act

Petition, you must do so in writing within thirty days from the above date. You

should contact your lawyer immediately, if you have retained one.

cc:     District Attorney's Office, Post Trial Unit
        Vann L. Bailey (by certified mail)

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CRIMINAL DIVISION

RECEIVED

JUN 1 8    14

ACDA APPEALS

COMMONWEALTH OF PENNSYLVANIA

v.                                          CC 89 - 03434

VANN L. BAILEY

Defendant

## Second Notice of Intention to Dismiss Defendant's PCRA Petition Under P.R. Crim. P. 907

Notice is hereby given that defendant's successive *pro se* PCRA petition

filed August 12, 2013, will be dismissed without a hearing because it is time-

barred. The first notice pertaining to the August 12, 2013 petition was stricken

by order entered January 31, 2014.

BY THE COURT

O Brien

6/16/14                                                              J.

cc: Vann L. Bailey
    District Attorney's Office, Post Trial Unit