IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| VANN LAMONT BAILEY, BE-5699, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:14-cv-1626 |
| | ) | |
| J. ECHARD, | ) | |
| Respondent. | ) | |


MEMORANDUM and ORDER

Mitchell, M.J.:


Vann Lamont Bailey has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reason set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

In the instant petition, Bailey seeks to challenge his conviction by a jury of homicide at No. CP-02-CR-3736-1989. On February 26, 1990, a ten to twenty year sentence was imposed.[1] An appeal was taken to the Superior Court and the judgment of sentence was affirmed on May 24, 1991.[2] Bailey then commenced a series of post-conviction petitions which were dismissed as time barred on October 27, 2004, September 21, 2007, October 14, 2010, August 23, 2011 and January 17, 2014.[3]

Bailey now comes before this Court and contends "Petitioner was never properly charged for the criminal homicide" on the grounds that "the coroners of Pennsylvania were stripped of their power to act as committing magistrates by the Pennsylvania Constitution of 1968."[4]

It is provided in 28 U.S.C. §§ 2244(d)(1) and (d)(2) that:

---

[1]  Bailey was also convicted of burglary, rape, indecent sexual assault, and aggravated assault CP-02-CR-3434-1989) which was the subject of a habeas petition filed at 2:09-cv-199, and burglary (CP-02-CR-4403-1989). See: Petition at ¶¶ 1-6.
[2]  See: Court of Common Pleas of Allegheny County docket sheet at CP-02-CR-3736-1989.
[3]  See: Attachments to Memorandum and Order filed on December 11, 2014.
[4]  See: Petitioner's memorandum at p.2.

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on May 24, 1991 and leave to appeal to the Pennsylvania Supreme Court was not sought. As a result the conviction became final on June 23, 1991 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). [5] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. Bailey then submitted a series of untimely post-convictions which were dismissed over a time period between 2004 and 2014.

The instant petition was executed on November 26, 2014, over 23 years after his conviction became final. Thus, combining the delay in seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred. However, under limited circumstances this time bar may be equitably tolled and for this reason the petitioner was granted time in which to demonstrate a basis if any to invoke equitable tolling. United States v. Bendolph, 409 F.3d 155,

---

[5] Pa.R.App.P. 903.

168 (3d Cir.2005)(en banc). (ECF 8).  In response Bailey again raises his procedural claim that there was no committing magistrate present at the coroner's inquest. (ECF 11).

This claim at best is one of state procedural law, and as such does not provide a basis for federal relief. <u>Swarthout v.Cooke</u>, 131 S.Ct. 859 (2011). In addition, it is readily apparent that the instant petition is clearly time barred. Accordingly, petitioner is not in custody in violation of the laws of the United States as determined by the Supreme Court nor does his custody involve an unreasonable application of the Court's decisions. For this reason the petition of Vann Lamont Bailey for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 24th day of December, 2014, for the reasons set forth in the foregoing Memorandum, the petition of Vann Lamont Bailey for a writ of habeas corpus (ECF 5) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge